UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ANAYA,<br><br>        Plaintiff,<br><br>   v.<br><br>CDCR,<br><br>        Defendant. | 1:16-cv-00040-MJS (PC)<br><br>ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL<br><br>(Document# 5, 6, 21, 23, 28, 42, 46, 48, 69, 73) |

Plaintiff has filed numerous motions seeking the appointment of counsel.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and

citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

In addition, the Court notes that Plaintiff has filed ten motions for appointment of counsel and numerous additional documents in supporting these requests. **Plaintiff is to cease filing such redundant motions.** Given their duplicative nature and the Court's enormous caseload, the Court will not entertain another motion for appointment of counsel unless it contains **new, unique and compelling reasons** for revisiting the issue. Another repetitive motion for appointment of counsel likely will result in sanctions being imposed on Plaintiff, to include monetary sanctions, sanctions striking all or part of his claims, or the like. See Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (holding that in exercising its power to control its own docket, the Court may impose sanctions).

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   January 13, 2016              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE