UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ANAYA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CDCR,<br><br>　　　　　Defendant. | CASE NO. 1:16-cv-00040-MJS (PC)<br><br>**ORDER:**<br><br>**(1) DENYING REQUESTS FOR RECORDS (ECF No. 15, 60, 64, 71);**<br><br>**(2) DENYING REQUESTS FOR SUBPOENAS (ECF Nos. 37, 40, 52, 84, 88, 90, 91, 92);**<br><br>**(3) DENYING REQUESTS FOR SETTLEMENT CONFERENCE (ECF Nos. 53, 98);**<br><br>**(4) DENYING REQUEST FOR SERVICE OF PROCESS (ECF No. 57); AND**<br><br>**(5) DENYING MOTIONS TO COMPEL (ECF Nos. 80, 87)** |

　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on August 13, 2015. (ECF No. 1.) Since then, he has filed nearly ninety submissions with the Court. Included amongst these are requests for copies of CDCR records (ECF Nos.

15, 60, 64, 71), requests and motions for subpoenas of such records (ECF Nos. 37, 40, 52, 84, 88, 90, 91, 92), motions to compel production of such records (ECF Nos. 80, 87), requests for a settlement conference (ECF Nos. 53, 98), and a request for service of process (ECF No. 57).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). This provision is mandatory. The Court will screen Plaintiff's complaint in due course.

Unless and until the Court screens Plaintiff's complaint and finds that it states cognizable claims, it cannot be served. Accordingly, Plaintiff's request for service of process is premature.

Absent service of the complaint and appearance of a defendant, Plaintiff's requests for a settlement conference also are premature.

The Court generally will not open discovery until a defendant has been served and answered the complaint. Thus, Plaintiff's requests for subpoenas are premature.

Furthermore, Plaintiff is advised that filing his discovery requests with the Court generally is not appropriate. See Local Rules 250.2, 250.3, 250.4. Instead, such requests should be served on defendants, if and when such defendants appear. Fed. R. Civ. P. 5; Local Rule 135. The Court does not have the CDCR records Plaintiff requests, and thus his requests for records will be denied. These requests should be served on defendants at the appropriate time. If defendants fail to respond to properly propounded discovery requests, Plaintiff may file a motion to compel. Fed. R. Civ. P. 37(a). Absent such failure, a motion to compel is not appropriate and will not be granted.

Lastly, the Court notes that Plaintiff has filed numerous letters, notices, affidavits, and documents in this action. (E.g., ECF Nos. 8, 9, 10, 11, 12, 14, 16, 19, 22, 24, 25, 26, 27, 29, 30, 31, 32, 33, 34, 35, 36, 39, 41, 43, 49, 51, 55, 58, 59, 61, 62, 63, 65, 66, 67, 68, 70, 72, 74, 75, 76, 77, 78, 81, 82, 83, 89). To the extent Plaintiff intends for these documents to supplement his complaint, he is advised that Local Rule 220 requires that a complaint, or any amended complaint, be complete in itself without reference to any prior pleading. The Court **will not consider these separately filed letters, notices, affidavits, and documents when screening his complaint.** If Plaintiff believes his third amended complaint is deficient absent consideration of these documents, he must seek leave to amend.

Plaintiff further is advised that parties may not file evidence with the Court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). Presently, Plaintiff's complaint has not been screened, no motions for summary judgment are before the Court, and no trial date has been set. In this circumstance, **the Court cannot and will not serve as a repository for Plaintiff's evidence (e.g., prison or medical records, affidavits, declarations, etc.).** If Plaintiff continues to file such successive and unwarranted submissions, he may be subject to sanctions, to include monetary sanctions, sanctions striking all or part of his claims, or the like. See Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (holding that in exercising its power to control its own docket, the Court may impose sanctions).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's requests for records (ECF Nos. 15, 60, 64, and 71) are denied;
2. Plaintiff's requests for subpoenas (ECF Nos. 37, 40, 52, 84, 88, 90, 91, and 92) are DENIED without prejudice;
3. Plaintiff's requests for settlement conference (ECF Nos. 53 and 98) are DENIED without prejudice;

      4. Plaintiff's request for service of process (ECF No. 57) is DENIED without prejudice; and

      5. Plaintiff's motions to compel (ECF Nos. 80 and 87) are DENIED without prejudice.

IT IS SO ORDERED.

Dated:   January 14, 2016　　　　　　　　　/s/ *Michael J. Seng*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE