1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PETER ANAYA,

              Plaintiff,

    v.

CDCR,

              Defendant.

CASE NO. 1:16-cv-00040-MJS (PC)

**ORDER:**

**(1) DENYING REQUESTS FOR RECORDS (ECF Nos. 101, 102);**

**(2) DENYING MOTION FOR SETTLEMENT CONFERENCE (ECF No. 105)**

**(2) DISREGARDING LETTERS AND NOTICES (ECF Nos. 103, 104, 106, 107, 108, 109); AND**

**(3) DISREGARDING LODGED COMPLAINT (ECF No. 113).**

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on August 13, 2015. (ECF No. 1.) Since then, he has filed nearly one hundred submissions with the Court.

      On January 15, 2016, the Court issued an order addressing many of these submissions. (ECF No. 100.) Therein, the Court denied Plaintiff's requests for records

(ECF Nos. 15, 60, 64, and 71), denied his requests for subpoenas (ECF Nos. 37, 40, 52, 84, 88, 90, 91, and 92), denied his requests for a settlement conference (ECF Nos. 53 and 98), denied his request for service of process (ECF No. 57), and denied his motions to compel (ECF Nos. 80 and 87). Plaintiff also was warned that his onslaught of letters, notices, affidavits, and documents (e.g., ECF Nos. 8, 9, 10, 11, 12, 14, 16, 19, 22, 24, 25, 26, 27, 29, 30, 31, 32, 33, 34, 35, 36, 39, 41, 43, 49, 51, 55, 58, 59, 61, 62, 63, 65, 66, 67, 68, 70, 72, 74, 75, 76, 77, 78, 81, 82, 83, 89) would not be considered in screening his complaint. Plaintiff additionally was advised that the Court will not serve as a repository for his evidence, and that further such submissions could result in sanctions.

On February 22, 2016, the Court dismissed Plaintiff's complaint, and his first, second, and third amended complaints, with leave to amend. (ECF No. 111.) Plaintiff was advised that his amended pleading must be complete unto itself without reference to other documents. Plaintiff filed his fourth amended complaint on March 2, 2016. (ECF No. 112.)

Despite the foregoing rulings and admonitions, Plaintiff continues to submit documents to the Court.

Plaintiff's requests for records (ECF Nos. 101 and 102) and for a settlement conference (ECF No. 105) will be denied on the same grounds as Plaintiff's prior motions. Until the Court screens Plaintiff's complaint and finds that it states cognizable claims, it cannot be served. Absent service of the complaint and appearance of a defendant, Plaintiff's request for a settlement conference is premature. With regard to records, the Court generally will not open discovery until a defendant has been served and answered the complaint. Furthermore, as Plaintiff has been advised, his discovery requests must be served on Defendants and not the Court. Fed. R. Civ. P. 5; Local Rules 135, 250.2, 250.3, 250.4.

Based on the Court's prior admonitions, Plaintiff's letters and notices (ECF Nos. 103, 104, 106, 107, 108, 109) and his lodged complaint (ECF No. 113), will be

1  disregarded. Only the contents of the Fourth Amended Complaint (ECF No. 112) will be
2  considered at the screening stage. The Court will screen Plaintiff's complaint in due
3  course.

4  **Plaintiff is ORDERED to refrain from filing further duplicative and**
5  **unauthorized letters, notices, and CDCR 602 forms with the Court; indeed until**
6  **such time as the Court screens and issues its Order on the viability of his fourth**
7  **amended complaint, the Court can envision nothing else Plaintiff might file that**
8  **could possibly benefit him, the Court or his case.**

9  Further filings in the above vein will not be accepted for filing but will instead be
10  summarily returned to Plaintiff. If Plaintiff continues to attempt to file such successive
11  and unwarranted submissions, he can expect sanctions, to include monetary sanctions,
12  **sanctions striking all or part of his claims**, or the like. See Thompson v. Housing
13  Auth., 782 F.2d 829, 831 (9th Cir. 1986) (holding that in exercising its power to control its
14  own docket, the Court may impose sanctions). The Court has previously warned Plaintiff
15  of the possibility of sanctions. This is his final warning before sanctions are imposed.

16  Based on the foregoing, it is HEREBY ORDERED that:

17  1. Plaintiff's requests for records (ECF Nos. 101, 102) are DENIED;

18  2. Plaintiff's request for settlement conference (ECF No. 105) is DENIED
19     without prejudice; and

20  3. Plaintiff's letters and notices (ECF Nos. 103, 104, 106, 107, 108, 109), and
21     his lodged complaint (ECF No. 113) are DISREGARDED.

22
23  IT IS SO ORDERED.

24  Dated:   March 15, 2016            /s/ *Michael J. Seng*
25                                     UNITED STATES MAGISTRATE JUDGE

26
27
28

3