1
2
3
4
5
6
7
8
9          UNITED STATES DISTRICT COURT
10         EASTERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| 12  PETER ANAYA, | **CASE NO. 1:16-cv-00040-MJS (PC)** |
| 13                Plaintiff, | **ORDER DISMISSING FOURTH AMENDED COMPLAINT WITH LEAVE TO** |
| 14         v. | **AMEND** |
| 15  CDCR, | **(ECF No. 112)** |
| 16                Defendant. | **AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |
| 17 | |
18

19
20          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil
21  rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 95.) He has
22  consented to Magistrate Judge jurisdiction. (ECF No. 4.) No other parties have appeared
in the action.
23
24          On February 22, 2016, the Court dismissed Plaintiff's complaint, and his first,
25  second, and third amended complaints, on the ground that none of the complaints were
26  complete in themselves without reference to other pleadings. (ECF No. 111.) Plaintiff's
fourth amended complaint is now before the Court for screening.
27
28

I.     **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

II.    **PLEADING STANDARD**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief

2

1   that is plausible on its face." Id. Facial plausibility demands more than the mere

2   possibility that a defendant committed misconduct and, while factual allegations are

3   accepted as true, legal conclusions are not. Id. at 677-78.

4   **III.   PLAINTIFF'S ALLEGATIONS**

5       Plaintiff is incarcerated at California Substance Abuse Treatment Facility

6   ("CSATF") in Corcoran, California, where the acts giving rise to his complaint occurred.

7   He names the following defendants in their individual and official capacities:

8   (1) Correctional Officer R. Van Vugt, (2) Sergeant C. Gray, (3) Correctional Officer T.

9   Lucero, (4) Correctional Officer W.S. Wadkins, (5) Correctional Officer S. Nelson,

10  (6) Correctional Officer A. Coronado, (7) Correctional Officer A. Tuzon, (8) Sergeant J.

11  Barrios, (9) Correctional Officer C. Marquez, and (10) F. Uribe.[1]

12      Plaintiff's allegations may be summarized essentially as follows:

13      Defendant Van Vugt is the only officer who delivers mail Tuesday through Friday,

14  and he is not providing Plaintiff with his 602 responses in violation of CDCR rules. Other

15  prison officials are not processing Plaintiff's appeals.

16      The remaining Defendants have unauthorized access to CDCR mental health

17  records regarding staff and inmates. Defendants Coronado, Tuzon, Barrios, Iversen,

18  Marquez, and Uribe have falsely typed sexual content in Plaintiff's records. Defendants

19  have defamed Plaintiff's character and family reputation, and abused Plaintiff with

20  deliberate indifference. Their actions constitute libel, slander, verbal abuse and civil

21  harassment. Their actions constitute an excessive risk to Plaintiff's health and safety.

22  Plaintiff has been called derogatory names. Plaintiff has been subjected to physical

23  injury and psychological distress. He is in imminent danger.

24      Documents attached to Plaintiff's complaint reflect that Plaintiff also has submitted

25  complaints that unknown correctional officers are contaminating his food. This allegation

26  is not contained in the complaint itself.

27  _____

28  [1] Plaintiff's complaint also references Correctional Officer McGuire and Lieutenant Deathridge, but these individuals are not named as defendants.

Plaintiff claims Defendants' conduct violates his right of access to the Courts, the bill of rights, the right to be free from cruel and unusual punishment, the right to freedom from discrimination, the right to mental health care, and California Government Code section 12940. It also constitutes a deprivation of health and safety, an unreasonable search and seizure without a warrant, and defamation of character. Plaintiff seeks unspecified injunctive relief and money damages.

## IV.   ANALYSIS

### A.   Improper Joinder of Unrelated Claims

Federal Rule of Civil Procedure 18(a) allows a party to "join, as independent or alternative claims, as many claims as it has against an opposing party." However, Rule 20(a)(2) permits a plaintiff to sue multiple defendants in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and there is a "question of law or fact common to all defendants." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . ." See George v. Smith, 507 F.3d 605, 607 (7th Cir.2007) (citing 28 U.S.C. § 1915(g)).

Plaintiff attempts to bring several unrelated claims in this action: improper processing of grievances, mishandling of mental health records and, potentially, contamination of Plaintiff's food. The facts alleged do not suggest that these actions arise out of the same transaction or occurrence. Thus, to the extent each of these claims is brought against different defendants, they may not be brought in a single action. If Plaintiff chooses to amend, he is advised that he will not be permitted to proceed on unrelated claims against different defendants.

### B.   Linkage

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons

4

v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Aside from Defendant Van Vugt, Plaintiff does not explain how any of the other defendants personally participated in the denial of his rights. He therefore fails to state a claim against these defendants. If Plaintiff chooses to amend, he must plead facts to show how each defendant personally participated in the denial of his rights.

### C.   Grievance Process

Plaintiff alleges that Defendant Van Vugt did not provide Plaintiff with responses to his administrative appeals in violation of the California Code of Regulations.

This allegation fails to state a claim. Prisoners have no stand-alone due process rights related to the administrative grievance process. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Failing to properly process a grievance does not constitute a due process violation. Moreover, the existence of regulations and policies governing the conduct of prison officials does not necessarily entitle an inmate to sue civilly for their violation. The Court has found no authority to support a finding of an implied private right of action under the cited regulations, and Plaintiff has provided none. Several district court decisions hold that there is no such right. See e.g., Vasquez v. Tate, No. 1:10-cv-1876-JLT (PC), 2012 WL 6738167, at *9 (E.D. Cal. Dec. 28, 2012); Davis v. Powell, 901 F. Supp. 2d 1196, 1211 (S.D. Cal. 2012).

**D.   Cruel and Unusual Punishment**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane methods of punishment and inhumane conditions of confinement.   Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citations omitted). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

A conditions of confinement claim has both an objective and a subjective component. See Farmer, 511 U.S. at 834. "First, the deprivation alleged must be . . . sufficiently serious," and must "result in the denial of the minimal civilized measure of life's necessities." Id. (internal quotation marks and citations omitted) "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

Second, the prison official must have acted with "deliberate indifference" to inmate health or safety. Farmer, 511 U.S. at 834. "Mere negligence is not sufficient to establish liability." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Rather, a plaintiff must show that a defendant knew of, but disregarded, an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Plaintiff's conclusory allegation that Defendants were deliberately indifferent to a serious risk to his health and safety is insufficient to state a claim. Plaintiff does not explain the harm he risked, whether he actually suffered such harm, the cause of the risk, or how and why Defendants were aware of such risk but nonetheless disregarded it.

Plaintiff's allegation that his food has been contaminated also fails to state an Eighth Amendment claim. Plaintiff does not state how his food has been contaminated or

1  with what; what, if any, risk the contamination presents to his health or safety; or whether

2  any Defendants were aware of these risks but nonetheless ignored them.

3      Absent further detail, Plaintiff's allegations of harassment also do not state an

4  Eighth Amendment claim. Allegations of verbal harassment and abuse fail to state a

5  claim cognizable under 42 U.S.C. § 1983. Freeman v. Arpaio, 125 F.3d 732, 738 (9th

6  Cir.1997).

7      If Plaintiff chooses to amend these claims, he must plead facts to meet the

8  elements of the legal standard set forth above.

9      **E.     Access to Courts**

10      Plaintiff has a constitutional right of access to the courts, and prison officials may

11  not actively interfere with his right to litigate. Silva v. Di Vittorio, 658 F.3d 1090, 1101-02

12  (9th Cir. 2011). The right is limited to direct criminal appeals, habeas petitions, and civil

13  rights actions. Lewis v. Casey, 518 U.S. 343, 354 (1996). Claims for denial of access to

14  the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be

15  gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot

16  now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15

17  (2002). A plaintiff must show that he suffered an "actual injury" i.e., prejudice with

18  respect to contemplated or existing litigation, such as the inability to meet a filing

19  deadline or present a non-frivolous claim. Lewis, 518 U.S. at 348-49. An "actual injury" is

20  one that hinders the plaintiff's ability to pursue a legal claim. Id. at 351.

21      Plaintiff's allegations do not state a claim. The Court notes that the basis for

22  Plaintiff's access to courts claim is unclear. To the extent it is based on improper

23  processing of his grievances, Plaintiff has failed to allege any actual injury. He does not

24  allege that such conduct has foreclosed him from bringing any non-frivolous claim.

25  Plaintiff also does not state whether the contemplated litigation involves a criminal

26  appeal, habeas petition, or civil rights action. Plaintiff will be given leave to amend.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**F.    Equal Protection**

Plaintiff states that he has been discriminated against. The Court construes this as an attempt to state an Equal Protection claim under the Fourteenth Amendment.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff has not set forth any allegations indicating that he and other similarly situated individuals were treated differently, whether by virtue of Plaintiff's membership in a protected class or otherwise. He has failed to state an Equal Protection claim. He will be given leave to amend.

**G.    Fourteenth Amendment Defamation**

Defamation can, under certain circumstances, constitute a claim for relief under the Fourteenth Amendment. However, reputational harm alone does not state a § 1983 claim. Paul v. Davis, 424 U.S. 693, 701-710 (1976). Instead, a plaintiff must allege loss of a constitutionally protected property or liberty interest in conjunction with the allegation of injury to reputation. Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir.1991), aff'd in relevant part, 963 F.2d 1220, 1235 n.6 (9th Cir. 1992) (en banc).

Plaintiff does not provide detail regarding the alleged defamatory statement, how his reputation was injured, nor any constitutionally protected interest he was deprived of in connection with the injury to his reputation. He will be given leave to amend.

1

### H.     State Law Claims

Plaintiff's claims for libel, slander, defamation, and harassment arise under state law. Plaintiff's claim under California Government Code Section 12940 also arises under state law.

The Court will not exercise supplemental jurisdiction over any state law claim absent a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001); see also Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994). "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." Les Shockley Racing v. National Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989).

Because Plaintiff has not alleged any cognizable federal claims, the Court will not exercise supplemental jurisdiction over his state law claim. Plaintiff may amend his state law claims, but if he fails to allege a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction over his state law claims.  28 U.S.C. § 1367(a); Herman Family Revocable Trust, 254 F.3d at 805. The Court herein will address what appear to be Plaintiff's intended state law claims.

California Civil Code sections 45 and 46 target libel and slander. Section 45 provides, "Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." Cal. Civ. Code § 45 (West). Section 46 provides: "Slander is a false and unprivileged publication, orally uttered, and also communications by radio or any mechanical or other means which: 1. Charges any person with crime, or with having been indicted, convicted, or punished for crime; 2. Imputes in him the present existence of an infectious, contagious, or loathsome disease; 3. Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or

9

other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits; 4. Imputes to him impotence or a want of chastity; or 5. Which, by natural consequence, causes actual damage. Cal. Civ. Code § 46 (West). Plaintiff has not stated the allegedly false publication he was subjected to, or how he was affected by it.

The elements of a claim for defamation under California law are (1) an intentional publication, (2) that is false, (3) defamatory, and (4) unprivileged, and (5) that has a natural tendency to injure or that causes special damage. Taus v. Loftus, 40 Cal. 4th 683, 720 (2007). "Publication, which may be written or oral, is defined as a communication to some third person who understands both the defamatory meaning of the statement and its application to the person to whom reference is made." Ringler Assocs. Inc. v. Md. Cas. Co., 80 Cal. App. 4th 1165, 1179 (Cal. Ct. App. 2000) (citing Cunningham v. Simpson, 1 Cal. 3d 301, 306 (1969)). Plaintiff presents no facts concerning the false statement, who received it, or whether that person understood the defamatory meaning and its application to Plaintiff.

Section 527.6 of the California Code of Civil Procedure defines harassment as:

> unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose.

Plaintiff has not alleged that he was the subject of violence or threats of violence or other conduct that caused him alarm, annoyance or harassment.

California Government Code section 12940, California's Fair Employment and Housing Act, prohibits various types of employment discrimination and harassment. Plaintiff does not allege he was discriminated against or harassed in relation to employment.

In addition to these requirements, Plaintiff also must allege compliance with the California Tort Claims Act ("CTCA"). Under the CTCA, a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim

Case 1:16-cv-00040-MJS   Document 116   Filed 03/22/16   Page 11 of 13

to the state Victims Compensation and Government Claims Board within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Failure to demonstrate such compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims. State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1240 (2004). Here, Plaintiff includes documents reflecting that he properly presented his claims regarding improper entries into his mental health records and contamination of his food to the Victim Compensation and Government Claims Board. Plaintiff's submissions do not reflect exhaustion of any other state law claims.

If Plaintiff chooses to amend, he must allege a cognizable federal claim, must allege facts to meet the legal standards set out above, and must allege compliance with the CTCA.

### H.    Official Capacity Claims

Plaintiff names each of the Defendants in their individual and official capacities.

"Official capacity" suits require that a policy or custom of the governmental entity is the moving force behind the violation. McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986). Plaintiff has not alleged what custom or policy, if any, motivated Defendants' conduct. Additionally, Plaintiff cannot recover money damages from state officials in their official capacities. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Official capacity suits may seek only prospective relief. See Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010).

Plaintiff does seek injunctive relief in this action but does not specify the form of relief he seeks. He also does not allege a custom or policy behind any violations. Accordingly, Plaintiff has not stated a claim for relief against Defendants in their official capacities. He will be given leave to amend.

### V.    CONCLUSION AND ORDER

Plaintiff's complaint does not state a claim. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th

Cir. 1987). If Plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Fifth Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;

2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his fourth amended complaint, filed March 2, 2016;

12

3.  Within thirty (30) days from the date of service of this order, Plaintiff must file a fifth amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and

4.  If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, this action will be dismissed, with prejudice, for failure to comply with a court order and failure to state a claim, and will be subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   March 17, 2016          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

13