UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ANAYA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CDCR,<br><br>　　　　Defendant. | CASE NO. 1:16-cv-00040-MJS (PC)<br><br>**ORDER DENYING REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**(ECF No. 38)** |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He has consented to Magistrate Judge jurisdiction. (ECF No. 4.) No other parties have appeared in the action.

　　　　Before the Court is Plaintiff's September 24, 2015 request for declaratory and injunctive relief. (ECF No. 38.) Plaintiff seeks a court order requiring that CDCR cease unspecified unlawful conduct.

　　　　To the extent Plaintiff's request is intended as a supplement to his complaint, it is moot. Plaintiff's complaint was superseded by a first, second, third, and fourth amended complaint. The fourth amended complaint recently was dismissed with leave to amend. (ECF No. 116.) If Plaintiff wishes to bring claims for declaratory and injunctive relief, he may do so in his fifth amended complaint.

To the extent Plaintiff seeks preliminary injunctive relief, the Court finds no basis for awarding such relief. Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20).

Plaintiff heretofore has failed to state a cognizable claim and there presently is no operative pleading in this matter. The Court therefore cannot conclude that Plaintiff is likely to succeed on the merits of any claims. Plaintiff also fails to suggest a real and immediate threat of irreparable injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects."). The Court finds nothing to tip the balance of equities in Plaintiff's favor. And, while the public has an interest in providing inmates with constitutionally adequate conditions of confinement, the record before the Court does not justify the Court substituting its judgment for that of correctional staff. These criteria not having been met, Plaintiff is not entitled to preliminary injunctive relief.

Accordingly, Plaintiff's request for declaratory and injunctive relief is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   April 1, 2016            /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE