1
2
3
4
5
6
7         UNITED STATES DISTRICT COURT

8         EASTERN DISTRICT OF CALIFORNIA

9

10   PETER ANAYA,                           **CASE NO. 1:16-cv-00040-MJS (PC)**

11              Plaintiff,                   **ORDER DISMISSING SIXTH AMENDED**
                                            **COMPLAINT WITH LEAVE TO AMEND**
12        v.
                                            **(ECF No. 125)**
13   CDCR,
                                            **AMENDED   COMPLAINT   DUE   WITHIN**
14              Defendant.                   **THIRTY (30) DAYS**

15

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil

18   rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 95.) He has

19   consented to Magistrate Judge jurisdiction. (ECF No. 4.) No other parties have appeared

20   in the action.

21        On February 22, 2016, the Court dismissed Plaintiff's complaint, and his first,

22   second, and third amended complaints, on the ground that none of the complaints were

23   complete in themselves without reference to other pleadings. (ECF No. 111.) On March

24   22, 2016, the Court dismissed Plaintiff's fourth amended complaint for failure to state a

25   claim, but gave leave to amend. (ECF No. 116.) On June 17, 2016, the Court dismissed

26   Plaintiff's fifth amended complaint and "supplemental complaint" on the ground that

27   neither was complete in itself without reference to the other. (ECF No. 124.) Plaintiff's

28   sixth amended complaint is now before the Court for screening.

1
2
3
4
5
6
7
8
9
10

## I.      Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

11

## II.     Pleading Standard

12
13
14
15
16
17

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

18
19
20
21
22

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

23
24
25
26
27
28

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief

1  that is plausible on its face." Id. Facial plausibility demands more than the mere

2  possibility that a defendant committed misconduct and, while factual allegations are

3  accepted as true, legal conclusions are not. Id. at 677-78.

4  **III.    Plaintiff's Allegations**

5       Plaintiff is incarcerated at California Substance Abuse Treatment Facility

6  ("CSATF") in Corcoran, California, where the acts giving rise to his complaint occurred.

7  He names the following defendants in their individual and official capacities:

8  (1) Correctional Officer R. Van Vugt, (2) Sergeant C. Gray, (3) Correctional Officer T.

9  Lucero, (4) Correctional Officer W.S. Wadkins, (5) Correctional Officer S. Nelson,

10  (6) Correctional Officer A. Coronado, (7) Correctional Officer A. Tuzon, (8) Sergeant J.

11  Barrios, (9) Correctional Officer C. Marquez, and (10) F. Uribe. Plaintiff also states that

12  there are twenty-one "unknown CDCR officers among the general population" who also

13  participated in the deprivation of his rights. He does not state any specific allegations

14  against these twenty-one individuals.

15       Plaintiff's allegations may be summarized essentially as follows:

16       Defendants use CDCR computers and confidential mental health records to

17  violate Plaintiff's constitutional rights. Specifically, Defendants have unauthorized access

18  to Plaintiff's mental health files and have placed false information therein indicating that

19  Plaintiff sexually abused a child, was himself a victim of sexual abuse, and is

20  homosexual. In fact, Plaintiff has no history of sexual offenses and his offense involving

21  a child was non-sexual. He is "straight" and has been married four times.

22       As a result, Plaintiff has suffered emotional distress and physical ailments. His

23  food tray has been contaminated with feces. He has been called derogatory names over

24  the public address system and when called for medications.

25       Plaintiff's mental health needs have been ignored.

26       Defendants have installed "bugs," or concealed hearing devices to eavesdrop on

27  Plaintiff. Correctional Officers follow Plaintiff wherever he goes. Plaintiff's bunk is

28  regularly searched and left in disarray.

3

1    Defendants intend to kill Plaintiff.

2    Plaintiff's legal mail has been opened. Books of stamps that were sent to him in

3    the mail by family have been withheld.

4    Plaintiff received a CDC-115 that was incorrect.

5    Plaintiff has tried to file administrative appeals regarding these issues, but

6    Defendant Wadkins has refused to process the appeals and has disregarded Plaintiff's

7    concerns.

8    Plaintiff contends that this conduct violates his constitutional rights and constitutes

9    defamation, libel, and slander. He claims he is the victim of discrimination and

10   harassment. Defendants' conduct violates his right of access to the Courts; the bill of

11   rights; the First, Fifth, and Fourteenth Amendments; the right to be free from cruel and

12   unusual punishment; the right to due process; the right to freedom from discrimination;

13   the right to mental health care; California Government Code section 12940 (Fair

14   Employment and Housing Act); and California Code of Civil Procedure sections 45, 46,

15   and 527.6 (harassment). It also constitutes an unreasonable search and seizure without

16   a warrant.

17   Plaintiff seeks unspecified injunctive relief and money damages.

18   **IV.    Analysis**

19   Plaintiff's sixth amended complaint suffers from many of the same defects as his

20   fourth amended complaint. The Court will again provide Plaintiff with the legal standards

21   applicable to what appear to be his intended claims, and will grant Plaintiff **one final**

22   **opportunity** to amend his complaint if he believes, in good faith, that he can state a

23   truthful cognizable claim.

24   **A.    Improper Joinder of Unrelated Claims**

25   Federal Rule of Civil Procedure 18(a) allows a party to "join, as independent or

26   alternative claims, as many claims as it has against an opposing party." However, Rule

27   20(a)(2) permits a plaintiff to sue multiple defendants in the same action only if "any right

28   to relief is asserted against them jointly, severally, or in the alternative with respect to or

4

1  arising out of the same transaction, occurrence, or series of transactions or

2  occurrences," and there is a "question of law or fact common to all defendants." "Thus

3  multiple claims against a single party are fine, but Claim A against Defendant 1 should

4  not be joined with unrelated Claim B against Defendant 2. Unrelated claims against

5  different defendants belong in different suits . . ." See George v. Smith, 507 F.3d 605,

6  607 (7th Cir.2007) (citing 28 U.S.C. § 1915(g)).

7       Plaintiff attempts to bring several unrelated claims in this action: mishandling of

8  mental health records, confiscation of mail, and an incorrect CDC-115 Rules Violation

9  Report. There are no facts to suggest that these actions are attributable to the same

10  Defendants. Accordingly, these claims may not be brought in a single action.[1]

11       Furthermore, claims relating to Plaintiff's mail and an incorrect CDC-115 were not

12  alleged in Plaintiff's fourth amended complaint. Plaintiff was advised that leave to amend

13  was not granted for the purpose of adding new claims. Accordingly, these claims will not

14  be addressed herein.

15       If Plaintiff chooses to amend, he again is advised that he will not be permitted to

16  proceed on unrelated claims against different defendants.

17  **B.    Linkage**

18       Under § 1983, Plaintiff must demonstrate that each named defendant personally

19  participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons

20  v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton,

21  588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

22  2002). Liability may not be imposed on supervisory personnel under the theory of

23  respondeat superior, as each defendant is only liable for his or her own misconduct.

24  Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable

25  if they "participated in or directed the violations, or knew of the violations and failed to act

26  

27  [1] Although not entirely clear, it appears that the allegations arose in 2015 and 2016. Accordingly, the Court has no basis to conclude that Plaintiff would be prejudiced by the statute of limitations in bringing a separate suit based on these allegations. See Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir.

28  2015).

to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff does not explain how any individual defendant personally participated in the denial of his rights. He merely alleges that all of the Defendants engaged in all of the acts he complains of. This lacks the requisite level of specificity to impose liability on any one Defendant. He therefore fails to state a claim. If Plaintiff chooses to amend, he must plead facts to show **with specificity** how each defendant personally participated in the denial of his rights.

### C.    Implausible Allegations

At the pleading stage, Plaintiff's allegations generally must be accepted as true. However, 28 U.S.C. § 1915(e)(2)(B) accords judges the authority to "pierce the veil of the complaint's factual allegations" and to dismiss claims "describing fantastic or delusional scenarios." See Nietzke v. Williams, 490 U.S. 319, 327-28 (1989). Thus, the Court may dismiss claims that "rise to the level of the irrational or the wholly incredible." See Denton v. Hernandez, 504 U.S. 25, 32–33 (1992).

Plaintiff's allegations that Defendants are planning to kill him, are following him, and are eavesdropping on him through hidden devices, are too implausible, outlandish, and far-fetched to be believed. These allegations will be dismissed as frivolous.

### D.    Inaccurate Prison Records

The due process clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Liberty interests may arise from the due process clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).

1    The inaccuracy of records compiled or maintained by the government is not,

2    standing alone, sufficient to state a claim of constitutional injury under the due process

3    clause of the Fourteenth Amendment. Paul v. Davis, 424 U.S. 693, 711-714 (1976); see

4    also Reyes v. Supervisor of DEA, 834 F.2d 1093, 1097 (1st Cir. 1987) (no claim

5    presented where inmate failed to allege false information maintained by police

6    department relied upon to deprive him of constitutionally protected interest); Pruett v.

7    Levi, 622 F.2d 256, 258 (6th Cir. 1980) (mere existence of inaccuracy in FBI criminal

8    files not state constitutional claim).

9    The existence of a liberty interest created by state law is determined by focusing

10   on the nature of the deprivation.   Sandin v. Conner, 515 U.S. 472, 481-84 (1995).

11   Liberty interests created by state law are generally limited to freedom from restraint

12   which "imposes atypical and significant hardship on the inmate in relation to the ordinary

13   incidents of prison life."  Id. at 484. Plaintiff does not allege how or whether the state of

14   California has created a liberty interest in accurate prison records. The Court is unaware

15   of any decision holding that inmates have such a right. Further, plaintiff does not allege

16   whether he has fulfilled any procedural requirements for challenging the accuracy of his

17   prison record. In addition, because the alleged misstatement is included in his

18   confidential files, it is unclear how such misinformation might be relied upon so as to rise

19   to the level of a constitutional violation.

20   The Court understands that the alleged misstatements are sexual in nature and

21   may subject Plaintiff to stigma. However, even classifying Plaintiff as a sex offender is

22   insufficient to implicate a liberty interest, absent other circumstances suggesting an

23   atypical and significant hardship. See Neal v. Shimoda, 131 F.3d 818, 827 (9th Cir.

24   1997) ("[T]he stigmatizing consequences of the attachment of the 'sex offender' label

25   coupled with the subjection of the targeted inmate to a mandatory treatment program

26   whose successful completion is a precondition for parole eligibility create the kind of

27   deprivations of liberty that require procedural protections."); see also Cooper v. Garcia,

28   55 F. Supp. 2d 1090, 1101 (S.D. Cal. 1999); Johnson v. Gomez, No. C95-20717 RMW,

7

1   1996 WL 107275, at *2-5 (N.D. Cal. 1996); Brooks v. McGrath, No. C 95-3390 SI, 1995

2   WL 733675, at *1-2 (N.D. Cal. 1995).

3       Accordingly, Plaintiff's allegation that Defendants have made inaccurate entries in

4   his confidential records fails to state a claim.

5       **E.    Conditions of Confinement**

6       The Eighth Amendment's prohibition against cruel and unusual punishment

7   protects prisoners from inhumane methods of punishment and inhumane conditions of

8   confinement.   Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citations

9   omitted). "[A] prison official may be held liable under the Eighth Amendment for denying

10  humane conditions of confinement only if he knows that inmates face a substantial risk

11  of serious harm and disregards that risk by failing to take reasonable measures to abate

12  it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

13      A conditions of confinement claim has both an objective and a subjective

14  component. See Farmer, 511 U.S. at 834. "First, the deprivation alleged must be . . .

15  sufficiently serious," and must "result in the denial of the minimal civilized measure of

16  life's necessities." Id. (internal quotation marks and citations omitted) "[E]xtreme

17  deprivations are required to make out a conditions-of-confinement claim." Hudson v.

18  McMillian, 503 U.S. 1, 9 (1992).

19      Second, the prison official must have acted with "deliberate indifference" to inmate

20  health or safety. Farmer, 511 U.S. at 834. "Mere negligence is not sufficient to establish

21  liability." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Rather, a plaintiff must

22  show that a defendant knew of, but disregarded, an excessive risk to inmate health or

23  safety. Farmer, 511 U.S. at 837. That is, "the official must both be aware of facts from

24  which the inference could be drawn that a substantial risk of serious harm exists, and he

25  must also draw the inference." Id.

26

27

28

8

1              **1.    Contaminated Food Tray**

2          Plaintiff alleges that his food tray was contaminated with feces. This apparently

3    was the result of deliberate actions taken against Plaintiff due to the stigma associated

4    with false allegations that Plaintiff committed a sexual offense against a child.

5          Adequate food is a basic human need protected by the Eighth Amendment.

6    Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996). While prison food need not be tasty

7    or aesthetically pleasing, it must be adequate to maintain health. LeMaire v. Maass, 12

8    F.3d 1444, 1456 (9th Cir. 1993). "The fact that the food occasionally contains foreign

9    objects or sometimes is served cold, while unpleasant, does not amount to a

10   constitutional deprivation." Id. (citing Hamm v. DeKalb County, 774 F.2d 1567, 1575

11   (11th Cir. 1985); see also George v. King, 837 F.2d 705, 707 (5th Cir. 1988) ("[A] single

12   incident of unintended food poisoning, whether suffered by one or many prisoners at an

13   institution, does not constitute a violation of the constitutional rights of the affected

14   prisoners."); Islam v. Jackson, 782 F. Supp. 1111, 1114-15 (E.D. Va.1992) (serving one

15   meal contaminated with maggots and meals under unsanitary conditions for thirteen

16   days was not cruel and unusual punishment, even though inmate suffered symptoms of

17   food poisoning on one occasion); Bennett v. Misner, 2004 U.S. Dist. LEXIS 19568 at

18   *63, 2004 WL 2091473 (D. Or. Sept. 17, 2004) ("Neither isolated instances of food

19   poisoning, temporary lapses in sanitary food service, nor service of meals contaminated

20   with maggots are sufficiently serious to constitute an Eighth Amendment violation.")

21         Plaintiff does not describe the frequency or duration with which he was served

22   contaminated food. He does not allege any facts to show whether any of the Defendants

23   personally contaminated his food. Nor does he state facts that would show Defendants

24   were aware of the contamination by others but failed to act. Accordingly, this allegation

25   fails to state a claim.

26         Plaintiff will be given leave to amend.

27

28
                                          9

1

### 2.   Emotional Distress

As an initial matter, under 42 U.S.C. § 1997e(e), enacted as part of the Prison Litigation Reform Act of 1996, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. . . ." Id. Thus, in order to pursue damages based on mental or emotional injury, plaintiff must demonstrate that he sustained an actual physical injury. Plaintiff has alleged no such injury here. Plaintiff's mere reference to "physical ailments" that may or may not have any relation to Defendants' conduct is insufficient to support his claims.

Additionally, Plaintiff's threadbare allegations that he suffered emotional distress and that Defendants failed to address his mental health needs are insufficient to allege a substantial risk of serious harm. Plaintiff also has not alleged that any Defendant was aware of a substantial risk but failed to take action to avoid or abate it.

### 3.   Name Calling

Mere verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

### F.   Grievance Process

Plaintiff alleges that Defendant Wadkins refused to process Plaintiff's administrative grievances.

As Plaintiff already has been advised, this allegation fails to state a claim. Prisoners have no stand-alone due process rights related to the administrative grievance process. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Failing to properly process a grievance does not constitute a due process violation.

To the extent Plaintiff argues that Wadkins ignored Plaintiff's complaints, in violation of Plaintiff's constitutional rights, the denial of a prisoner's administrative appeal does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605,

609 (7th Cir. 2007) (quotation marks omitted).  However, prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006). Thus, there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983.  That circumstance has not been presented here.

Plaintiff has not stated a viable constitutional claim against any other Defendant. Absent facts sufficient to show that a constitutional violation occurred in the first place, Plaintiff cannot pursue a claim against Wadkins for review of the administrative appeal grieving the underlying allegations. Second, Plaintiff's conclusory allegation that Wadkins disregarded his appeals is insufficient to support a plausible claim for relief. Iqbal, 556 U.S. at 678-79. If Plaintiff wishes to proceed on this claim he must provide further detail regarding the content of the appeals or the information communicated to Wadkins, and any reasons given for refusing to process Plaintiff's appeals.

### G.    Access to Courts

Plaintiff has a constitutional right of access to the courts, and prison officials may not actively interfere with his right to litigate. Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis v. Casey, 518 U.S. 343, 354 (1996). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). A plaintiff must show that he suffered an "actual injury" i.e., prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Lewis, 518 U.S. at 348-49. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. Id. at 351.

Plaintiff's allegations do not state a claim. The Court notes that the basis for Plaintiff's access to courts claim is unclear. To the extent it is based on improper processing of his grievances, Plaintiff has failed to allege any actual injury as he has

1  thus far been permitted to proceed in this action despite his assertions that he has been

2  unable to exhaust administrative remedies. His conclusory statement that he has

3  suffered an injury and that his claims are non-frivolous is insufficient to state a claim.

4  Plaintiff will be given leave to amend.

5      **H.     Equal Protection**

6      Plaintiff states that he has been discriminated against. The Court construes this

7  as an attempt to state an Equal Protection claim under the Fourteenth Amendment.

8      The Equal Protection Clause requires that persons who are similarly situated be

9  treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439

10 (1985). An equal protection claim may be established by showing that the defendant

11 intentionally discriminated against the plaintiff based on the plaintiff's membership in a

12 protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of

13 Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were

14 intentionally treated differently without a rational relationship to a legitimate state

15 purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y

16 Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of

17 Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

18     Plaintiff has not set forth any allegations indicating that he and other similarly

19 situated individuals were treated differently, whether by virtue of Plaintiff's membership in

20 a protected class or otherwise. He has failed to state an Equal Protection claim. He will

21 be given leave to amend.

22     **I.     Fourteenth Amendment Defamation**

23     Defamation can, under certain circumstances, constitute a claim for relief under

24 the Fourteenth Amendment. However, reputational harm alone does not state a § 1983

25 claim. Paul v. Davis, 424 U.S. 693, 701-710 (1976). Instead, a plaintiff must allege loss

26 of a constitutionally protected property or liberty interest in conjunction with the allegation

27 of injury to reputation. Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir.1991), aff'd in

28 relevant part, 963 F.2d 1220, 1235 n.6 (9th Cir. 1992) (en banc).

1   Plaintiff does not describe any constitutionally protected interest he was deprived

2   of in connection with the injury to his reputation. He will be given leave to amend.

3   **J.     Cell Searches**

4   An inmate has no "reasonable expectation of privacy in his prison cell entitling him

5   to the protection of the Fourth Amendment against unreasonable searches and

6   seizures." Hudson v. Palmer, 468 U.S. 517, 536 (1984). Plaintiff's allegation that his cell

7   is frequently searched fails to state a claim.

8   **K.     State Law Claims**

9   Plaintiff's claims for libel, slander, defamation, and harassment arise under state

10  law. Plaintiff's claim under California Government Code Section 12940 also arises under

11  state law.

12  The Court will not exercise supplemental jurisdiction over any state law claim

13  absent a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust

14  v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001); see also Gini v. Las Vegas Metro.

15  Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994). "When . . . the court dismisses the

16  federal claim leaving only state claims for resolution, the court should decline jurisdiction

17  over the state claims and dismiss them without prejudice." Les Shockley Racing v.

18  National Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989).

19  Because Plaintiff has not alleged any cognizable federal claims, the Court will not

20  exercise supplemental jurisdiction over his state law claim. Plaintiff may amend his state

21  law claims, but if he fails to allege a viable federal claim in his amended complaint, the

22  Court will not exercise supplemental jurisdiction over his state law claims.  28 U.S.C. §

23  1367(a); Herman Family Revocable Trust, 254 F.3d at 805. The Court previously

24  provided Plaintiff with the legal standards applicable to his state law claims. Those

25  standards will not be repeated here. If Plaintiff chooses to amend, he must meet the

26  requirements set out in the Court's prior screening order, ECF No. 116.

27

28

13

1

**H.    Official Capacity Claims**

2      Plaintiff once again names each of the Defendants in their individual and official

3  capacities.

4      "Official capacity" suits require that a policy or custom of the governmental entity

5  is the moving force behind the violation. <u>McRorie v. Shimoda</u>, 795 F.2d 780, 783 (9th

6  Cir. 1986). Plaintiff has not alleged what custom or policy, if any, motivated Defendants'

7  conduct. Additionally, Plaintiff cannot recover money damages from state officials in their

8  official capacities. <u>Aholelei v. Dept. of Public Safety</u>, 488 F.3d 1144, 1147 (9th Cir. 2007)

9  (citations omitted). Official capacity suits may seek only prospective relief. <u>See</u> <u>Wolfson</u>

10  <u>v. Brammer</u>, 616 F.3d 1045, 1065-66 (9th Cir. 2010).

11      Plaintiff does seek injunctive relief in this action but does not specify the form of

12  relief he seeks. He also does not allege a custom or policy behind any violations.

13  Accordingly, Plaintiff has not stated a claim for relief against Defendants in their official

14  capacities. He will be given leave to amend.

15 **V.    Conclusion and Order**

16      Plaintiff's sixth amended complaint does not state a claim. The Court will grant

17  Plaintiff **one final opportunity** to file an amended complaint. <u>Noll v. Carlson</u>, 809 F.2d

18  1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, he must demonstrate that

19  the alleged acts resulted in a deprivation of his constitutional rights. <u>Iqbal</u>, 556 U.S. at

20  677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is

21  plausible on its face.'" <u>Id.</u> at 678 (quoting <u>Twombly</u>, 550 U.S. at 555 (2007)). Plaintiff

22  must also demonstrate that each named Defendant personally participated in a

23  deprivation of his rights. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).

24      Plaintiff should note that although he has been given the opportunity to amend, it

25  is not for the purposes of adding new claims. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th

26  Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on

27  curing the deficiencies set forth above.

28

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The seventh amended complaint should be clearly and boldly titled "Fifth Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's sixth amended complaint is dismissed for failure to state a claim upon which relief may be granted;

2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his sixth amended complaint, filed July 13, 2016;

3. Within thirty (30) days from the date of service of this order, Plaintiff must file a seventh amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and

4. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, this action will be dismissed, with prejudice, for failure to comply with a court order and failure to state a claim, and will be subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.


Dated:   September 20, 2016          /s/ Michael J. Seng

UNITED STATES MAGISTRATE JUDGE

5.